## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

      MERLE CHAMBERS,

                                            Case No. 11-CV-11313-DT

      Debtor,

_____

                                            HONORABLE DENISE PAGE HOOD

SAMUEL D. SWEET, Trustee,

      Plaintiff,

v.

SANDRA CHAMBERS, et al.,

      Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW REFERENCE
## and
## ORDER ADMINISTRATIVELY CLOSING CASE

**I.      BACKGROUND**

      On December 23, 2010, Debtor Merle Chambers filed a Voluntary Petition for relief under

Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of

Michigan (the "Bankruptcy Court").  (Mot., ¶ 1).  On February 7, 2011, Plaintiff, Trustee Samuel

D. Sweet, commenced an adversarial proceeding for several claims, including Fraudulent Transfer,

Recovery of the Value of the Avoided Transfer, Turnover of Records, and recovery of certain

promissory notes to satisfy a $15,000 claim on Debtor's estate.  (Mot., ¶ 2).  On March 29, 2011,

Defendant Sandra Chambers, filed a Motion for Withdrawal of the Reference and filed a demand

for a jury trial, while stating that she does not consent to a jury trial in the Bankruptcy Court

pursuant to 28 U.S.C. § 157(e).  (Mot., ¶ 3).   Defendant's counsel sought concurrence from

Plaintiff's counsel, but was denied. (Mot., ¶ 8).  Briefs have been filed and a hearing held on the

matter.

## II.    ANALYSIS

### A.    Procedures/ Briefs re Motion to Withdraw Reference

Bankruptcy Rules 5011 states that a motion for withdrawal of a case shall be heard by a

district judge.  Bankr.R. 5011(a).  Motions for withdrawal must be filed pursuant to Rule 5005(a).

The Bankruptcy Court Local Rules provide that the Rules of Civil Procedure and the Local Rules

for the Eastern District of Michigan shall apply.  E.D. Mich. Bankr. L.R. 9029-1(a).  The Local

Rules for the Eastern District of Michigan provides that a brief must be filed with a motion.  E.D.

Mich. L.R. 7.1(c).

### B.    28 U.S.C. § 157(d)

28 U.S.C. § 157(d) provides for the discretionary and mandatory withdrawal of cases or

proceedings referred to the bankruptcy court as follows:

> The district court may withdraw, in whole or in part, any case or
> proceeding referred under this section, on its own motion or on
> timely motion of any party, for cause shown. The district court shall,
> on timely motion of a party, so withdraw a proceeding if the court
> determines that resolution of the proceedings requires consideration
> of both title 11 and other laws of the United States regulating
> organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  Two prongs must be met for requiring mandatory withdrawal of the reference:

1) consideration of the Bankruptcy Code; and 2) substantial and material consideration of a non-

bankruptcy federal law affecting interstate commerce. *In re Federated Department Stores Inc.,* 189

B.R. 142, 143-144 (S.D. Ohio 1995); *In re White Motor Corp.*, 42 B.R. 693, 703-704 (N.D. Ohio

1984); *In re Michigan Real Estate Ins. Trust,* 87 B.R. 447, 458-459 (E.D. Mich 1988).  Defendant claimed that her request constituted a mandatory withdrawal, but did not meet the above standard since 11 U.S.C. §§ 548 and 550 claims relate to federal bankruptcy law.

28 U.S.C. § 157(d) also grants the District Courts the discretion to withdraw cases from the Bankruptcy Courts for cause.  Two factors routinely considered to show "cause" include the efficient use of judicial resources and the right to a jury trial.  *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990); *In re Pine River Plastics, Inc.,* 2009 WL 365650 (E.D. Mich. Feb. 9, 2009)(unpublished). The burden is on the moving party to demonstrate that "cause" exists for the discretionary withdrawal.  *In re E & S Facilities, Inc.,* 181 B.R. at 172.  In determining whether "cause" exists to show efficient use of judicial resources, the following factors are considered: "promoting judicial economy, promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process . . . " *Big Rivers Electric Corp v. Green River Coal Co.,* 182 B.R. 751, 754 (W.D. Ky. 1995).  Defendant has not provided facts that support cause based on these factors.

Defendant has a right to a jury trial in this case.  The Supreme Court made clear that a fraudulent transfer case is a matter of law, and not equity unless the transfer involved equitable remedies such as accounting.  *See Grandfinanciera , S.A. v. Nordberg*, 492 U.S. 33, 45-46 (1989). Although proceedings to determine, avoid or recover fraudulent conveyances are core proceedings under 28 U.S.C. § 157(b)(2)(F) and (H), the mere classification of a matter as a core proceeding cannot abolish a litigant's right to a jury trial under the Seventh Amendment.  *In re Pine River,* 2009 WL 365650 at * 2, citing *In re Silver Mill Frozen Foods, Inc.,* 80 B.R. 848, 853 (Bankr. W.D. Mich. 1987).

Parties, however, may consent to a jury trial before the Bankruptcy Court if *all parties* so agree.  28 U.S.C. § 157(e) states:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

28 U.S.C. § 157(e).  Since Defendant does not consent to a jury trial in the Bankruptcy Court, but still demands a jury trial, the referral of the case may be withdrawn by the District Court.

Plaintiff requests that if the Court finds Defendant is entitled to a jury trial, that the Court postpone withdrawing the reference until all pre-trial matters are heard by the Bankruptcy Court. This Court prefers such an approach.  *See In re Collins & Aikman Corp.,* No. 06-11512, 2006 LEXIS 39669, at *2 (E.D. Mich. June 15, 2006); *see also In re Solar Stamping & Mfg., LLC,* No. 08-13433, 2008 LEXIS 68868 at *2.  The matter has been before the Bankruptcy Court, therefore, completing the pre-trial portion in the Bankruptcy Court serves judicial economy.  Once pre-trial matters have concluded and the case is ready for trial, the parties and the Bankruptcy Court should so notify the Court.  A Final Pretrial Conference and a date for the Jury Trial will be set.

## III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Withdraw Reference **[Doc. No. 1]** is DENIED without prejudice pending pre-trial proceedings before the Bankruptcy Court.  The Bankruptcy Court shall complete all pretrial matters in preparation for a jury trial before the District Court.  The parties and the Bankruptcy Court will then so notify the Court.  The matter will be withdrawn at that time and the action reopened.  Final Pretrial Conference and Jury Trial dates will then be set by the Court.

IT IS FURTHER ORDERED that this case is ADMINISTRATIVELY CLOSED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5